12-1243-cv
*N.Y. State Court Officers Assoc. v. Hite, et al.*

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 29th day of August, two thousand twelve.

PRESENT:

> JON O. NEWMAN,
> JOSÉ A. CABRANES,
> ROBERT D. SACK,
> > *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

NEW YORK STATE COURT OFFICERS ASSOCIATION, on its own behalf and on behalf of its current and retired members and their dependents,

> *Plaintiff-Appellant*,

> -v.-                                                              No. 12-1243-cv

PATRICIA A. HITE, in her official capacity as Acting Commissioner of the New York State Department of Civil Service, CAROLINE W. AHL and J. DENNIS HANRAHAN, in their official capacities as Commissioners of the New York State Civil Service Commission, ROBERT L. MEGNA, in his official capacity as Director of the New York State Division of the Budget, THOMAS P. DINAPOLI, in his official capacity as Comptroller of the State of New York, JONATHAN LIPPMAN,

1

in his official capacity as Chief Judge of the Unified Court
System,

        *Defendants-Appellees.*[1]

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR APPELLANTS:           JAMES E. TYRRELL, JR. (Joseph E. Hopkins, Amer S. Pharaon, *on the brief*), Patton Boggs LLP, New York, NY.

FOR APPELLEES:           JULIE M. SHERIDAN, Assistant Solicitor General (Barbara D. Underwood, Solicitor General, Andrea Oser, Deputy Solicitor General, Andrew B. Ayers, Assistant Solicitor General, *of counsel*), *for* Eric T. Schneiderman, Attorney General of the State of New York, Albany, NY.

Appeal from a March 15, 2012 order of the United States District Court for the Southern District of New York (Shira A. Scheindlin, *Judge*).[2]

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the March 15, 2012 order of the District Court be **AFFIRMED**.

Appellants appeal from an order of the District Court denying the motion of the New York State Court Officers Association (the "Union") for a preliminary injunction against the New York Unified Court System ("UCS") and various state officials. We assume familiarity with the underlying facts and procedural history of this case.

This appeal arises out of a contract dispute between the Union and UCS, in which the Union alleged that UCS illegally and unconstitutionally reduced its rate of contribution to the Union's health insurance premiums, in violation of the Contract Clause of the United States Constitution, U.S. Const. Art. I, § 10, and in violation of state law. The District Court conducted an evidentiary hearing on March 9, 2012, and thereafter issued an opinion and order denying the motion for preliminary

---

[1] The Clerk is directed to amend the official caption as indicated above.

[2] The case has since been transferred to the United States District Court for the Northern District of New York, and is assigned to Judge Mae A. D'Agostino. We were informed at oral argument that it has been consolidated for pretrial purposes with several other cases pending there.

2

injunction. The District Court held, *inter alia*, that the terms of the Collective Bargaining Agreement ("CBA") unambiguously permitted UCS to reduce its rate of contribution to the Union's health insurance plan to correspond with the rate being paid by the State to other state employee unions, and that a state law prohibiting such a reduction neither barred the reduction nor constituted an implied term of the contract.

On appeal, appellants allege that the District Court erred in: (1) treating the preliminary injunction sought by the Union as "mandatory" rather than "prohibitory," and therefore requiring the Union to demonstrate a "clear or substantial likelihood of success" rather than merely a "likelihood of success"; (2) holding that the Union failed to prove a clear or substantial likelihood of success on the merits of its Contracts Clause claim; (3) finding that the CBA does not contractually obligate UCS to continue paying the same percentage of costs toward the health insurance of current Union members and retirees; (4) failing to hold that the laws governing state health plan contributions at the time the CBA was signed constituted implied terms of the CBA; (5) holding that N.Y. Civil Service Law § 167 does not create a contractual obligation for the state to continue paying health care contributions at the established rate; and (6) concluding that the legislature's recent amendment to § 167 and promulgation of other related regulations does not substantially impair the Union's contractual rights.

A district court may grant a preliminary injunction if the moving party establishes "(a) irreparable harm and (b) either (1) likelihood of success on the merits or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly toward the party requesting the preliminary relief." *UBS Fin. Servs., Inc. v. W. Va. Univ. Hosps., Inc.*, 660 F.3d 643, 648 (2d Cir. 2011). In reviewing a district court's decision to deny a preliminary injunction, "we review the district court's legal holdings de novo and its ultimate decision for abuse of discretion." *Cnty. of Nassau, N.Y. v. Leavitt*, 524 F.3d 408, 414 (2d Cir. 2008) (citation and

3

quotation marks omitted); *cf. Sims v. Blot*, 534 F.3d 117, 132 (2d Cir. 2008) (explaining that the term of art "abuse of discretion" includes errors of law).

## <u>CONCLUSION</u>

We have carefully reviewed the record and the parties' arguments on appeal, and we affirm the March 15, 2012 order of the District Court for substantially the reasons stated in its opinion and order of that date.[3]  We remand the cause for such further proceedings as may be appropriate.

FOR THE COURT,

Catherine O'Hagan Wolfe, Clerk of Court

---

[3] We note that even if an incorrect standard was used with respect to a preliminary injunction, the conclusion that the plaintiff did not show a likelihood of success was not an abuse of discretion.  We intimate no views on the ultimate merits as may be developed upon a full trial.